IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30034 |
| | ) | |
| MELISSA BOWSER et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Melissa Bowser's sentencing hearing held May 11, 2007.  Defendant Bowser appeared in person and by her attorney Babette Salus.  The Government appeared by Assistant United States Attorney John Childress.  On November 28, 2006, Bowser appeared before U.S. Magistrate Judge Byron G. Cudmore and pleaded guilty to the following counts of the Indictment (d/e 6): Count 1, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)(A); Count 2, Shipping and Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1); and Count 3, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).  Judge Cudmore issued a Report and

1

Recommendation (d/e 16) on that date recommending that this Court accept Defendant Bowser's pleas of guilty. By Text Order dated December 15, 2006, the Court accepted Bowser's pleas of guilty. The United States Probation Office prepared a Revised Presentence Report (PSR), dated March 7, 2007. The Government had no objections to the PSR.

Bowser objected to the PSR's recommendation that she receive a five-level enhancement in offense level pursuant to U.S.S.G. § 2G2.2(b)(2) based on the finding that the offense involved distribution for the receipt of or expectation of the receipt of a thing of value but not for pecuniary gain. For reasons stated of record, the Court denied Bowser's objection. The Court noted that Bowser's own statements acknowledged that she had viewed and downloaded child pornography from a chat room and allowed others to download child pornography from her computer via the WinMX program; those statements supported the enhancement. See PSR, ¶ 11.

Bowser objected to the PSR's recommendation that she receive a five-level enhancement in offense level pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images. For reasons stated of record, the Court sustained the objection and held Defendant accountable for less than 600 images because Defendant's husband and co-Defendant,

Billy Joe Bowser, had written the Court a letter, after he was sentenced and held accountable for 80,000 images, indicating that Defendant should be held accountable for less than 600 images because she had only been involved in the criminal activity for one month while he had been involved for two years. Defendant Bowser, therefore, received a four-level enhancement in offense level, rather than the five-level enhancement recommended in the PSR.

Bowser lastly argued that she should receive a reduction in her offense level based on the fact that she was a minimal participant. In the alternative, she requested a reduction for being a minor participant. For reasons stated of record, the Court rejected Bowser's contention that she was a minimal participant because the evidence showed that she fully understood the scope of her offense. The Court, however, agreed, for reasons stated of record, that Bowser was entitled to a two-level reduction for her minor role in the offense.

Bowser had no other objections to the PSR. Thus, the Court adopted the PSR as written and adopted its findings, with the exception of the sustained objections noted above. Counts 1, 2 and 3 were grouped under U.S.S.G. § 3D1.2(a)(2), which yielded a based offense level of 22. Bowser

received a two-level enhancement based on the finding that the material involved prepubescent minors and minors under the age of 12. U.S.S.G. § 2G2.2(b)(2). She received a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) based on the finding that the offense involved distribution for the receipt of or expectation of the receipt of a thing of value but not for pecuniary gain. She received a four-level enhancement because the offense involved material portraying sadistic and masochistic conduct and other depictions of violence. U.S.S.G. 2G2.2(b)(4). Pursuant to U.S.S.G. § 2G2.2(b)(6), Bowser's offense level was increased two levels because the offense involved the use of a computer or interactive computer service for the possession, transmission, receipt, or distribution of child pornography. She received a four-level enhancement based on the finding that the offense involved less than 600 images. U.S.S.G. § 2G2.2(b)(7)(C). Bowser was entitled to a two-level reduction for her minor role in the offense. U.S.S.G. § 3B1.2(b). She was also entitled to a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, the Court determined that Bowser had a final offense level under the Guidelines of 34 and was in Criminal History Category I, resulting in a Guideline sentencing range of 151 to 188 months imprisonment for Counts 1 and 2, and 120 months

imprisonment for Count 3. The Court noted that the Guidelines are advisory, and the Court was required to exercise its discretion to determine Defendant Bowser's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005): 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the commentaries filed by counsel, the PSR, the statements of counsel, Defendant's own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant Bowser to 156 months imprisonment for each of Counts 1 and 2, and 120 months imprisonment for Count 3, all to run concurrently.[1] After her release from prison, Bowser was ordered to serve a life term of supervised release. No fine was ordered. The Court ordered Bowser to pay a $300.00 special assessment, due immediately. At Bowser's request, the Court recommended to the Bureau of Prisons that Bowser be placed in a facility where she could receive psychiatric and mental health counseling and in a facility as close to

---

[1]The Court rejected Bowser's argument for a sentence below the Guideline range given the seriousness of the offense in question compared to other similar cases. The Court also noted that a sentence below the Guideline range was not appropriate because the Guideline range already reflected the reduction in offense level for Bowser's role in the offense and the adjustment in offense level for fewer quantity of images.

5

central Illinois as possible.  The Court advised Bowser of her appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:   May 15, 2007.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE